OPINION
On December 15, 1998, appellee, Kerry Johnson, gave birth to a son. Appellant, Heath Walters, signed an affidavit of acknowledgment of paternity on December 17, 1998.
On September 14, 1999, appellant filed a complaint for the establishment of parental rights with the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division. On January 31, 2000, appellee filed a motion to dismiss, claiming the domestic relations court lacked jurisdiction to hear the matter. By decision filed February 22, 2000, the magistrate recommended that the motion be granted.
On March 2, 2000, appellant filed objections to the magistrate's decision. Following a remand to the magistrate to obtain a complete copy of the acknowledgment and an appeal to this court which was dismissed, the trial court denied the objections and accepted the magistrate's recommendation of dismissal. See, Opinion and Judgment Entry filed November 9, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT FOR CUSTODY OF TAYLOR LANE WALTERS.
 I
Appellant claims the trial court erred in dismissing his complaint for custody. We agree.
The sole issue raised sub judice is whether the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division has jurisdiction to hear a custody matter involving a father who has acknowledged paternity pursuant to R.C. 5103.324(D)(1).[1] Ancillary to this issue, appellant raises the question as to the right of an acknowledged parent to seek custody.
Pursuant to R.C. 5103.324(D)(1), a parent who has acknowledged parentage has the right to seek custody:
 The department of job and family services shall prepare an acknowledgment of paternity affidavit that includes in boldface type at the top of the affidavit the rights and responsibilities of and the due process safeguards afforded to a person who acknowledges that he is the natural father of a child, including that if an alleged father acknowledges a parent and child relationship he assumes the parental duty of support, that both signators waive any right to bring an action pursuant to sections 3111.01 to 3111.19 of the Revised Code or make a request pursuant to section 3111.22 of the Revised Code, other than for purposes of rescinding the acknowledgment pursuant to section (B) of section 5101.314 [5101.31.4] of the Revised Code in order to ensure expediency in resolving the question of the existence of a parent and child relationship, that either parent may rescind the acknowledgment pursuant to division (B) of section 5101.314 [5101.31.4] of the Revised Code, and that the natural father has the right to petition a court pursuant to section 3109.12 of the Revised Code for an order granting him reasonable visitation with respect to the child and to petition the court for custody of the child pursuant to section 2151.23 of the Revised Code.
Pursuant to R.C. 3109.042, unmarried parents of a child stand on equal footing in decisions involving residential parent and legal custodian of the child:
 An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation.
Under R.C. 5101.324(D)(1) cited supra, the implication is that R.C.2151.23 controls and therefore the juvenile court has exclusive jurisdiction. The question of jurisdiction as it relates to the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is more complex.
The Ohio Constitution vests the judicial power of the state in "* * * courts of common pleas and divisions thereof * * *" as established by law. See, Section 1, Article IV, Ohio Constitution. It is the legislature that has the power to define the jurisdiction of the court of common pleas. Seventh Urban, Inc. v. University Circle PropertyDevelopment, Inc. (1981), 67 Ohio St.2d 19. The divisions of the courts of common pleas and their respective jurisdictions are established by the Ohio General Assembly. Section 4(A) and (B), Article IV, Ohio Constitution.
Pursuant to R.C. 2151.011(A)(1)(c), the Court of Common Pleas of Licking County, Ohio, Probate Division has jurisdiction to hear all claims arising out of R.C. Chapters 2151 and 2152. The Court of Common Pleas of Licking County, Ohio, Domestic Relations Division has the following jurisdiction:
 In Licking county, the judge of the court of common pleas, whose term begins January 1, 1991, and successors * * * shall be elected and designated as judge of the court of common pleas, division of domestic relations. The judge shall be assigned all divorce, dissolution of marriage, legal separation, and annulment cases, all cases arising under Chapter 3111. of the Revised Code, all proceedings involving child support, the allocation of parental rights and responsibilities for the care of children and the designation for the children of a place of residence and legal custodian, parenting time, and visitation, and all post-decree proceedings and matters arising from those cases and proceedings, except in cases that for some special reason are assigned to another judge of the court of common pleas.
R.C. 2301.03(S).
The enabling legislation of the domestic relations courts of three other counties have identical language, Allen County [R.C. 2301.03(T)], Medina County [R.C. 2301.01(U)] and Scioto County [R.C. 2301.03(X)]. From our review of R.C. 2301.03, we find generally, when domestic relations and juvenile divisions are created as separate courts, there is clear language that reserves jurisdiction of R.C. Chapters 2151 and 2152 to the juvenile court. The only anomaly is the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division which has "concurrent jurisdiction with the probate-juvenile division of the court of common pleas of Fairfield county with respect to and may hear cases to determine the custody of a child, as defined in section 2151.011 [2151.01.1] of the Revised Code * * *." R.C. 2301.03(V). In Summit County, the domestic relations court has exclusive jurisdiction to hear "all cases pertaining to paternity, custody, visitation, child support, or the allocation of parental rights and responsibilities for the care of children and all post-decree proceedings arising from any case pertaining to any of those matters." R.C. 2301.03(I)(1) and (2). It is readily apparent that the Ohio General Assembly was not consistent in its enabling language and tailored the jurisdictions of the domestic relations and juvenile courts to the needs and/or desires of the specific county.
As we noted earlier, the Ohio General Assembly has the constitutional right to determine the jurisdiction of the courts it creates. Our analysis centers on what does the specific language of the enabling statute define as the jurisdiction of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division vis-a-vis the jurisdiction of the Court of Common Pleas of Licking County, Ohio, Probate/Juvenile Division.
It is important to note that the determination of parentage in this case was done pursuant to R.C. 5101.324. The complaint filed by appellant sought a designation naming him residential parent or grant him reasonable visitation under Loc.R. 19 of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division.
Based upon the clear statutory language, we find appellant had the right to request custody and/or visitation rights from the domestic relations division of the Court of Common Pleas of Licking County, Ohio as it has exclusive jurisdiction to determine "the allocation of parental rights and responsibilities for the care of children and the designation for the children of a place of residence and legal custodian" and visitation. Accordingly, we find the trial court erred in dismissing the complaint for lack of jurisdiction.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby reversed and remanded.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is reversed and remanded to said court for further proceedings consistent with this opinion. Costs to appellee.
[1] R.C. 5101.324 was in effect when appellant signed his acknowledgment of paternity on December 17, 1998. Said statute was repealed on March 22, 2001. The parallel statute is now R.C. 3111.31.